In the Matter of the Claim of LILLIAN ALPERT, Respondent, *v.* TOWER BRAND YARN CORPORATION et al., Appellants. SPECIAL DISABILITY FUND, Respondent.

Third Department, April 13, 1962.

194

*Tropp & Steinbock* (*Thomas P. Boland* of counsel), for appellants.

*John M. Cullen* and *George E. Barbero* for Special Disability Fund, respondent.

GIBSON, J. An employer and its insurance carrier appeal from a decision of the Workmen's Compensation Board which discharged the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law, upon the finding that there was "no evidence to support the carrier's contention that the decedent was continued in employment with knowledge by the employer that he was suffering from a permanent physical impairment."

The decedent was an officer of the employer corporation and apparently its active manager. The only evidence that knowledge of decedent's heart condition was imparted to anyone was the testimony of decedent's physician that he discussed it with decedent and prescribed for it; but as to decedent's knowledge of its permanency the doctor's testimony was not completely unequivocal. As to the additional factor necessary to impose Special Fund liability, that is, an "informed decision" by the employer to continue the employment of the employee handicapped by a permanent condition (*Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604), there appears in this record no direct

evidence. The president of the corporation, who was the widow of decedent's previously deceased brother, denied any knowledge of decedent's condition and hence, necessarily, of any corporate action or decision, and appellants called no other officer, director or employee; and thus any determination that the problem posed by decedent's heart condition was considered by the employer, and an "informed decision" made as to retaining him in employment would have to rest upon a finding that decedent was possessed of the requisite knowledge and would then have to proceed upon the inference that he either communicated his knowledge to others in the corporation who thereupon determined the question of policy or that, within the scope of his authority, he himself considered and determined it. The board was not bound to find knowledge of permanency and handicap or, even if it should do so, thereupon to accept one or the other of the corollary inferences suggested. The board's decision is susceptible of construction as a purely factual determination of the evidentiary issues presented by this particular case and not as adopting a legal principle of general application that knowledge acquired, and informed decision and action taken solely by the employee himself, when he possesses executive authority, will never bind the Special Fund. Such cases must be determined upon the board's evaluation of the weight and effect of the evidence found by it to be credible and of probative force; and neither the board nor the court may lay down a general rule that in dual-interest cases such as this, first, knowledge and, second, informed decision and action may never be inferred. (Cf. *Matter of Persky* v. *Persky Poultry Market,* 2 A D 2d 612.) We recognize, however, that although, as we have said, the board's decision is susceptible of another construction, its observation that "knowledge by the decedent corporate member alone does not constitute knowledge on the part of the corporation, as such" may have been intended as the statement of a legal conclusion predicative of its decision. Hence, remittal is necessary for clarification of the decision or for other further proceedings.

The decision should be reversed, without costs, and the matter remitted to the Workmen's Compensation Board.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision and award reversed, without costs, and matter remitted to the Workmen's Compensation Board.